UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE MICHIGAN LABORERS' HEALTH CARE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PORTER BROTHERS CONSTRUCTION, INC., <br><br> Defendant. | Case No. 25-cv-12420 <br><br> Honorable Robert J. White |

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs are trustees and fiduciaries (the "Trustees") of the Michigan Laborers' Health Care Fund, Michigan Laborers' Pension Fund, Michigan Laborers' Vacation Fund, LIUNA Training Fund of Michigan, the Michigan Laborers' Employers' Cooperation and Education Trust Fund, and the Michigan Laborers' Annuity Fund (the "Funds"). Defendant Porter Brothers Construction, Inc. is an Illinois domestic profit corporation that does business in the construction industry.

Porter Brothers is a party to a collective bargaining agreement that requires the company to make fringe benefit contributions to the Funds on behalf of Porter Brothers' CBA-covered workers. The Trustees commenced this Employee

Retirement Income and Security Act ("ERISA") collection action after Porter Brothers failed to make fringe benefit contributions to the Funds. (ECF No. 1). The Clerk of the Court entered default against Porter Brothers after it failed to appear, plead, or otherwise defend this action. (ECF No. 6).

The Trustees now move for a default judgment under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 9). Porter Brothers again failed to respond or otherwise appear or attempt to set aside the default entered against it. So the well-pled allegations of the complaint are deemed admitted. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). After reviewing the complaint, the unopposed motion for default judgment, the attached declarations and exhibits, and the filings of record, the Court finds that:

1. The Trustees commenced this action against Porter Brothers on August 5, 2025. (ECF No. 1).

2. The complaint alleges the following claims for relief against Porter Brothers: failure to make benefit contributions under ERISA, the Labor Management Relations Act, and the Michigan Building Contract Fund Act. (*Id.*, PageID.6-9, ¶¶ 25-45).

3. The Trustees served Porter Brothers with copies of the summons and complaint on August 8, 2025. (ECF No. 4, PageID.277).

4. The Court possesses subject matter jurisdiction under 28 U.S.C. § 1331; 29 U.S.C. §§ 185(a), 1132. (ECF No. 1, PageID.2, ¶ 2).

5. The Court has personal jurisdiction over Porter Brothers under Michigan's long-arm statute, Mich. Comp. Laws §§ 600.701–775, and the Due Process Clause, *see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358-60 (2021); *see also Lomax v. Marketplace Homes Lending, LLC*, No. 23-13018, 2024 U.S. Dist. LEXIS 186401, at *4 (E.D. Mich. Oct. 11, 2024) ("To determine whether personal jurisdiction is met in the case of a default judgment, the Court looks to whether the well-pled allegations in the complaint, taken as true, amount to a prima facie showing of personal jurisdiction."). The Court is satisfied that Porter Brothers "transact[s] . . . business within the state" and "[e]nter[ed] into a contract for services to be performed . . . in the state." Mich. Comp. Laws § 600.715(1), (5).

6. When Porter Brothers failed to timely answer the complaint, the Clerk entered default against the company on September 19, 2025. (ECF No. 6).

7. The default concedes the truth of the complaint's allegations as to Porter Brothers' liability on all the counts asserted against it. Fed. R. Civ. P. 8(b)(6); *see also Jones v. Pekoske*, No. 21-1061, 2021 U.S. App. LEXIS 36223, at *5-6 (6th Cir. Dec. 7, 2021). A formal evidentiary hearing is not necessary to determine the amount of damages assessed in a default judgment "if sufficient

3

evidence is submitted to support the request for damages or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits." *Ayers v. Receivables Performance Mgmt., L.L.C.*, No 15-12082, 2016 U.S. Dist. LEXIS 132875, at *9 (E.D. Mich. Sep. 28, 2016); *see also Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009).  As set forth below, such ascertainable damages have been adequately established in the motion for default judgment.

8. According to the complaint, and the documents attached to it, Porter Brothers is a signatory to a collective bargaining agreement ("CBA") with the Michigan Laborers' District Council and the Laborers' International Union of America, AFL-CIO and the Labor Relations Division of the Michigan Infrastructure & Transportation Association. (ECF Nos. 1-3, 1-4).

9. The CBA requires Porter Brothers to remit monthly fringe benefit reports and contributions to the Funds on behalf of its CBA-covered laborers. (ECF No. 1, PageID.4, ¶ 14).

10. Porter Brothers submitted the requisite reports for August through October 2024, for work performed in Ashley, Michigan.  But the company made no attendant contributions to the Funds. (*Id.*, PageID.5, ¶¶ 20-21).

11. Pursuant to the CBA, the Funds demanded an independent audit of Porter Brothers' fringe benefit contributions from January 2024 through May 2025. (*Id.*, ¶ 24).

12. The audit concluded that Porter Brothers owes **$43,978.53** in contributions, liquidated damages, and interest to the Funds for the period covering January 2024 through May 2025. (ECF No. 9-5, PageID.334, ¶¶ 3-4).

13. The Trustees' monetary damages constitute a sum certain that may be calculated by reference to the Funds' independent audit report and the Trustees' supporting documentation. (ECF No. 9-2, PageID.309-36; ECF No. 9-5, PageID.334-35).

14. ERISA further provides for an award of attorney fees and costs to the prevailing party. 29 U.S.C. § 1132(g)(2)(D). The "lodestar" method of calculating attorney fees is appropriate for ERISA collection actions. *See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401-02 (6th Cir. 1995). The "lodestar" method employs the following formula to arrive at a reasonable attorney fee award: hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* at 1401. In view of the supporting documentation attached the default judgment motion, the Trustees' counsel is entitled to reasonable attorney fees in the amount of **$1,105**. (ECF Nos. 9-3, 9-4, 9-6).

5

Based on these findings, it is hereby,

ORDERED that the Trustees' motion for default judgment (ECF No. 9) is granted in part.

IT IS FURTHER ORDERED that judgment is entered for money damages in favor of the Trustees and against Porter Brothers in the amount of **$43,978.83** as of May 31, 2025, with interest accruing thereon as provided by statute from both before and after the date of entry.

IT IS FURTHER ORDERED that the Trustees are entitled to reasonable attorney fees in the amount of **$1,105**.

IT IS FURTHER ORDERED that the Trustees may seek taxation of costs pursuant to E.D. Mich. LR 54.1.

IT IS FURTHER ORDERED that this is a final order, the terms of which are effective immediately.

7

Dated: November 21, 2025                s/ Robert J. White
                                        Robert J. White
                                        United States District Judge